**E-Filed 8/25/08**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE ADAN ARREOLA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL, et al.,<br><br>　　　　　　Defendants. | Case Number C 08-777 JF (PVT)<br><br>ORDER[1] GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>[re: docket no. 3] |

　　　　Plaintiff Jorge Adan Arreola ("Arreola") seeks a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel Defendants to conduct a naturalization examination or a background check pursuant to the relevant provisions of the Immigration and Naturalization Act. Arreola alternatively seeks declaratory relief under 8 U.S.C. § 2201. Defendants move for summary judgment. For the reasons set forth below, the motion will be granted.

### I. BACKGROUND

　　　　Arreola is a citizen of Mexico and currently resides in Milpitas, California as a lawful

---

[1] This disposition is not designated for publication in the official reports.

1  permanent resident of the United States.  On or about September 5, 2006, Arreola applied for
2  naturalization.  Arreola claims that Defendants have failed to conduct a naturalization
3  examination, which has prevented him from gaining the full rights of citizenship.  He filed the
4  instant action on February 1, 2008.

5      In conjunction with their motion for summary judgment, Defendants have submitted a
6  declaration from Janaki Rangaswamy ("Rangaswamy").  Rangaswamy is employed by the United
7  States Citizenship and Immigration Services ("USCIS") as a Supervisory Center Adjudications
8  Officer at the California Service Center in Laguna Niguel, California.  Rangaswamy Decl. at ¶ 1.
9  Rangaswamy states that he has examined Arreola's system records and that a name check request
10 was sent to the FBI on September 18, 2006.  *Id.* at ¶ 19.  Rangaswamy states further that the
11 results of the name check were still pending as of the date of his declaration.  *Id.*

## II. LEGAL STANDARD

13     A motion for summary judgment should be granted if there is no genuine issue of
14 material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P.
15 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Material facts are those
16 that might affect the outcome of the case under the governing law.  *Anderson*, 477 U.S. at 248.
17 There is a genuine dispute about a material fact if there is sufficient evidence for a reasonable
18 jury to return a verdict for the nonmoving party.  *Id.*

## III. DISCUSSION

20     Pursuant to 8 U.S.C. § 1421(c), the Secretary of the Department of Homeland Security is
21 vested with the "sole authority to naturalize persons as citizens of the United States."  The
22 responsibility for adjudication of naturalization applications is vested in both the Department of
23 Homeland Security and the USCIS.  6 U.S.C. § 271(b).  Under 8 U.S.C. § 1446(a) and 8 C.F.R. §
24 335.1, a background check must be completed before a person may be naturalized.  Currently, the
25 required background check includes an FBI name check, an FBI fingerprint check, and a check
26 conducted by the Interagency Border Inspection System.  Congress has mandated that until these
27 background checks are complete, the USCIS must withhold adjudication of an application for
28 naturalization.  Departments of Commerce, Justice, and State, the Judiciary, and Related

Agencies Appropriations Act of 1998 ("1998 Appropriations Act"), Pub. L. 105-119, 111 Stat. 2440, 2448–49. The USCIS has adopted this requirement into its own regulations. *See* 8 C.F.R. § 335.2(b).

Arreola asserts three bases for this Court's jurisdiction. First, the Mandamus Act grants federal courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court has held that "[m]andamus is an extraordinary remedy, available to 'a plaintiff only if . . . the defendant owes him a clear nondiscretionary duty.'" *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 392 (2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). Second, the Administrative Procedures Act ("APA") authorizes federal courts to review an agency's action and to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Third, the Declaratory Judgment Act ("DJA") states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201.

Defendants contend that notwithstanding these authorities, the Court lacks subject matter jurisdiction over Arreola's claims. Defendants argue that neither the Mandamus Act nor the APA provides a basis for jurisdiction because Arreola has not established the existence of a nondiscretionary duty that has been unlawfully withheld or unreasonably delayed. Defendants also assert that the DJA did not expand the jurisdictional reach of the federal courts but only enlarged the range of available remedies. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950).

No circuit courts have addressed these issues. The majority of district courts within this circuit have concluded that there is no nondiscretionary duty to perform a background check. *See, e.g., Du v. Chertoff*, 559 F. Supp. 2d 1049, 1054 (N.D. Cal. 2008); *Vaghefi v. Chertoff*, No. C 07-1968 LEW-DAD, 2008 WL 636248 (E.D. Cal. Feb. 27, 2008); *Dairi v. Chertoff*, No. C 07-1014 JM (JMA), 2008 WL 3232503 (S.D. Cal. Nov. 1, 2007). However, two district courts have reached the opposite conclusion. *See Weiming Jiang v. Chertoff*, No. C 08-332 SI, 2008 WL

1899245 (N.D. Cal. April 16, 2008) (finding that defendants had a nondiscretionary duty to act); *Moretazpour v. Chertoff,* No. C. 07-4264 BZ, 2007 WL 4287363 (N.D. Cal. Dec. 5, 2007) (finding that under the APA the FBI has a clear, nondiscretionary duty to complete background checks within a reasonable time).

Defendants represent that in the instant case Arreola's background check will be completed by November 2008, approximately three months from now. Under these circumstances, the Court would be hard-pressed to justify involving itself in the workings of the executive branch, even if it were to assume that Defendants do owe Arreola a nondiscretionary duty to process his application within a reasonable period of time. Accordingly, the Court will grant Defendants' motion for summary judgment. This ruling is without prejudice to the filing of a new action in the event that Arreola's background check is not completed by November 2008.

## IV.  ORDER

Defendants' motion for summary judgment is GRANTED. The Clerk of the Court shall enter judgment and close the file.

DATED: August 25, 2008

_____
JEREMY FOGEL
United States District Judge

4

Case No. C 08-777 JF (PVT)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(JFEX2)

1 | This Order has been served upon the following persons:

2 | Reza Athari    rezaathari@atharilaw.com

3 | Melanie Lea Proctor    Melanie.Proctor@usdoj.gov, tiffani.chiu@usdoj.gov

5

Case No. C 08-777 JF (PVT)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
(JFEX2)